

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLETTE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 5990 |
| v. | ) |
| | ) Wayne R. Andersen |
| TRIBUNE COMPANY, | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on defendant Tribune Company's motion for summary judgment. For the following reasons, the motion for summary judgment [32] is granted.

## BACKGROUND

Plaintiff Collette Moore is an African American woman. She was employed by defendant Tribune Company from 1988 until August 26, 2005 when her position was eliminated. Moore was hired by Tribune in 1988 to work in the mail room. In 1995, she was promoted to the position of lead clerk, and later that same year, she again was promoted to the position of group leader.

From 1989 until 2002, Moore was directly supervised by Calvin White. White, in turn, reported to general manager, Al Gramzinski. White recommended, and Gramzinski approved, both of Moore's promotions. Moore received ratings of "fully meets expectations" on her performance reviews conducted by White for the years 1995 through 2002. However, for the 2003 review period, White rated Moore's performance as marginal based on insubordination, poor job performance, violations of company policies and use of profanity.

In 1993, Moore applied, but was not selected, for a stationary engineer position. Moore was not offered the position because she did not have any mechanical experience. When she was not chosen for the job, Moore filed her first charge of discrimination with the Illinois Department of Human Rights.

In October 2002, Tribune merged the mailroom, messenger center and shipping and receiving departments to create the office services department. As part of the merger, White became the office services manager, and a new position for office services supervisor was created. The office services supervisor reported directly to White and was responsible for overseeing the mail room, messenger center and the shipping and receiving services. The office services supervisor also was responsible for supervising staff, coordinating work flow, developing and maintaining effective personnel and team environment, inspecting all incoming shipments and performing other duties as assigned.

Moore applied for the new position of office services supervisor. However, Gramzinski and White did not consider her for the position because of her disciplinary history, inconsistent performance and misconduct. Instead, the job was offered to Arturo Cervantes, who was the supervisor of the shipping and receiving department prior to the merger. Cervantes had a higher job classification level than Moore. In addition, White reviewed Cervantes' personnel file, which showed that he consistently was rated as an above-average performer, and his file did not contain any disciplinary actions. Even though Moore was not offered the office services supervisor position, as a result of the department merger, Moore was given more responsibilities and received an increase in her salary.

About the same time as the creation of the office services department, another stationary engineer position became available. Gramzinski did not post the position (and he was not

2

required to do so) and offered the job to Bob Fetta. Fetta was a 22 year veteran in the building services department with mechanical experience and consistently received above-average performance ratings. Moore states that she would have applied for the position if she had known it was available. Gramzinski did not consider Moore for the position because of her disciplinary record and inconsistent performance. Also, Moore did not have any mechanical experience.

On March 10, 2003, Moore filed a second charge of discrimination with the Illinois Department of Human Rights alleging that Tribune failed to promote her to the positions of office services supervisor and stationary engineer because of her race and sex and in retaliation for filing a previous charge of discrimination in 1993.

In November 2003, Moore amended the charge of discrimination to include allegations that she was questioned as part of an investigation into complaints made against her by a co-worker in retaliation for filing her discrimination charge in March 2003. Specifically, Alta Boswell, another African American female, was a clerk in the blind mail department, which processes confidential resumes that are sent to the Tribune Company. In August 2003, Boswell was absent from work. Moore filled in for Boswell and opened a piece of internal mail addressed to Boswell. Boswell complained to White about Moore opening her mail, and White forwarded the complaint to Cervantes, who was the office services supervisor. Cervantes spoke with Moore about Boswell's complaint. However, Moore was not disciplined for the incident.

On August 5, 2004, the Illinois Department of Human Rights dismissed Moore's claims of discrimination for failure to promote and retaliation based on lack of evidence. Moore filed this lawsuit on September 13, 2004. This matter is before the court on Tribune's motion for summary judgment.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An adverse party may not rest upon the mere allegations or denials of the opposing party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). A party must present "more than a scintilla of evidence" to defeat summary judgment. *Senner v. Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997).

Indeed, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations will not defeat a motion for summary judgment. *See Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893-94 (7th Cir. 2003). The fact-intensive nature of employment discrimination cases does not oblige the court to "scour the record" for factual disputes to help a plaintiff avert summary judgment. *Greer v. Bd. of Ed. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

Local Rule 56.1 for the Northern District of Illinois requires that the parties support all disputed facts with specific references to the record and further emphasizes that it is inappropriate to include legal conclusions and/or argument in the Rule 56.1 statements of facts. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) (all relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary materials"). The Seventh

4

Circuit repeatedly has sustained the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the Local Rules and regularly upholds strict enforcement of Local Rule 56.1. *See Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995) (citing cases); *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000).

In addition, Local Rule 56.2 requires any party moving for summary judgment against a pro se party to serve and file as a separate document, together with the papers in support of the motion, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." This Notice explains to the pro se party what is required (and in what format) to respond to the summary judgment motion. Counsel for Tribune failed to file and serve this Notice to Pro Se Litigant Opposing Motion for Summary Judgment with its motion for summary judgment and supporting materials. Notwithstanding this oversight, Moore was aware of the Notice and, in fact, cited in her opposition papers Tribune's failure to file and serve the Notice with its motion. Thereafter, counsel for Tribune filed and served the Notice to Pro Se Litigant Opposing Motion for Summary Judgment. In light of the fact that the Local Rule 56.2 Notice had not been filed with the motion, this court gave Moore an additional three weeks after Tribune had filed its reply brief to file an amended response that complied with Local Rule 56.1.

Moore did, in fact, file an amended response but that amended response still failed to comply with the requirements of Local Rule 56.1. She did not submit a Local Rule 56.1(b)(3) statement of facts. Moore also failed to object properly and/or respond appropriately to many of Tribune's asserted, and properly supported, facts. Those facts to which she did respond include unsupported facts, set forth legal argument as opposed to fact and discuss documents that are not authenticated. *See e.g., Servin v. GATX Logistics, Inc.*, 187 F.R.D. 561, 562 (N.D. Ill.1999)

(legal argument is improper in statement of material facts under local rules); *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994) (only admissible evidence may be considered on summary judgment).

Because Moore has failed to comply with Local Rule 56.1, the court adopts Tribune's Rule 56.1(a)(3) statement of facts in deciding the summary judgment motion. However, it should be noted that this court has reviewed and studied all of the materials submitted by Moore and, when appropriate, has taken into consideration the materials she has submitted to the court.

## I.    Moore Cannot Establish a Claim of Discrimination

Moore claims that Tribune discriminated against her in violation of Title VII by failing to promote her because of her race and sex. Title VII of the Civil Rights Act of 1964 prohibits an employer from discharging or otherwise discriminating against an employee in the terms, conditions or privileges of employment based on the employee's race or gender. *See* 42 U.S.C. § 2000e-2(a). A plaintiff alleging discrimination under Title VII can prove such discrimination either by providing direct evidence of an employer's discriminatory intent or by showing disparate treatment using indirect evidence and the burden-shifting method established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Alexander v. Wisconsin Department of Health and Family Services*, 263 F.3d 673, 682 (7th Cir. 2001). Moore has not presented any direct evidence of discrimination. Thus, this court proceeds under the *McDonnell Douglas* framework.

To establish a prima face case of discrimination in a failure to promote case, a plaintiff must demonstrate that: (1) she was a member of a protected class; (2) she applied for and was qualified for the position sought; (3) she was rejected for the position; and (4) those who were

promoted had similar or lesser qualifications for the job, or, in other words, they were not more qualified than she. *See Contreras v. Suncast Corp.*, 237 F.3d 756 (7th Cir. 2001); *Brill v. Lante Corp.*, 119 F.3d 1266, 1270 (7th Cir. 1997).

Moore cannot establish a prima facie case of discrimination because the record shows that she was not qualified for either position due to her disciplinary problems, occasional performance issues and below average performance evaluations. Cervantes and Fetta undoubtedly were more qualified than Moore for the office services supervisor and stationary engineer positions, respectively.

As for the office services supervisor position, Cervantes already was a supervisor in the shipping and receiving department and had a higher job classification than Moore. Moore also received lower ratings on her performance reviews than Cervantes and had been disciplined on numerous occasions -- something entirely absent from Cervantes' employment record. As for the stationary engineer position, Moore admitted that she did not have any mechanical experience whereas Fetta had over 20 years of experience in building services and consistently received above-average performance ratings.

Even assuming Moore could establish a prima facie case of discrimination, the burden then would shift to Tribune to provide a legitimate, non-discriminatory reason for its decision not to promote Moore. *See Jones v. Union Pacific R. Co.*, 302 F.3d 735, 742 (7th Cir. 2002). Tribune's burden at this point is one of production only, not one of persuasion. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000). To satisfy this burden, Tribune need only offer "admissible evidence which would allow the trier of fact to rationally conclude that

the employment decision had not been motivated by discriminatory animus." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 257 (1981).

If Tribune provides a rational, non-discriminatory reason for its action, then the burden shifts back to Moore to show that Tribune's stated reason is a pretext for discrimination. *See Simmons v. Chicago Bd. of Educ.*, 289 F.3d 488, 492 (7th Cir. 2002). Although the burden of producing evidence shifts between the employee and the employer, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993).

The record shows that Tribune had legitimate reasons for its promotion decisions. Indeed, Moore was less qualified for the positions, received poor performance reviews and, unlike Cervantes and Fetta, had a record stained by discipline problems. Moore offers no evidence that Tribune's reasons were pretextual. *See King v. Preferred Technical Group*, 166 F.3d 887, 892-93 (7th Cir. 1999) (plaintiff must produce "significantly probative admissible evidence" from which the trier of fact could infer that the employer's reason was false and that the actual reason was discriminatory). In demonstrating pretext, "a plaintiff must show more than that the employer's decision was incorrect; the plaintiff must also show that the employer lied about its proffered explanation." *See Abioye v. Sundstrand*, 164 F.3d 364, 368 (7th Cir. 1998).

Moore claims that Tribune's decisions to promote Cervantes and Fetta were related to her race and gender without any evidence to support such allegations. Moore has nothing but her own conclusory allegations to support a claim of pretext. *See Abioye*, 164 F.3d at 368

8

("Conjecture and speculation regarding the employer's motives cannot be used to defeat summary judgment."); *Viser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991)("Discrimination law would be unmanageable if disgruntled employees ... could defeat summary judgment ... by speculating about the defendant's motives."). There is nothing in the record to indicate that Tribune is lying to cover up some illegal discrimination. Thus, Moore has failed to demonstrate that Tribune's proffered reasons for not promoting her are a pretext for discrimination.

Ultimately, Moore cannot establish a prima facie showing of discrimination with respect Tribune's decisions not to promote her. Moore has not shown that her race or gender was a motivating factor in Tribune's decision to promote other more qualified employees or that Tribune's reasons were false and the real reason was discrimination based on race or gender. In sum, Moore hollowly argues that since she was not promoted to the positions of office services supervisor or stationary engineer, it necessarily was because she is an African American woman. These arguments are nothing more than speculation and conjecture.

Based on the undisputed facts, this court concludes that Moore has failed to state a claim of discrimination.

## II. Moore Cannot Establish a Claim of Retaliation

Moore also claims that Tribune failed to promote her in retaliation for filing charges of discrimination with the Illinois Department of Human Rights. Title VII prohibits discrimination against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, or assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To prove retaliation, Moore again must present direct evidence or proceed

9

under an indirect method, which is an adaptation of the *McDonnell Douglas* burden-shifting analysis in the context of a retaliation claim. *See Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003).

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a statutorily protected activity; and (2) she suffered an adverse employment action. *See Stone v. City of Indianapolis Public Utilities Division*, 281 F.3d 640, 644 (7th Cir. 2002). Moore may establish a prima facie case by presenting evidence of remarks contemporaneously made or causally related to the decision making process. *Id.* Moore, however, has not presented any such evidence.

### A. Moore Cannot Establish Retaliation Based on Protected Activities that Occurred Nearly Ten Years Earlier

Moore claims Tribune waited almost ten years to retaliate against her by not considering her for promotions to two positions for which she was not qualified. Courts have found periods of time less than ten months, to say nothing of 10 years, to be too far removed in time to create an inference of retaliation. *See Samuelson v. Durkee French Airwick*, 976 F.2d 1111, 1115 (7th Cir. 1992). Such a lengthy passage of time destroys the causal nexus required for a retaliation claim and is not sufficient to create a triable issue. Furthermore, Moore was twice promoted between her 1993 charge and her failure to be promoted in 2002. As such, there is no direct evidence of retaliation.

Moore's retaliation claim also fails under the indirect standard. In the absence of direct evidence, a plaintiff's burden is to demonstrate that: (1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite meeting the employer's legitimate expectations, she suffered a materially adverse

10

employment action; and (4) she was treated less favorably than similarly-situated employees who did not engage in statutorily protected activity. *See Stone*, 281 F.3d at 643-44. If, and only if, a plaintiff can establish a prima facie case of retaliation, the burden shifts to the employer to come forward with a "legitimate non-invidious reason for the adverse employment action." *Haywood*, 323 F.3d at 531. Once the employer presents "a legitimate, noninvidious reason" for the adverse employment action, the burden shifts back to the plaintiff to show that her employer's reason was pretextual. *Id.*

Moore cannot establish a prima facie case of retaliation because she was not meeting Tribune's legitimate expectations. Indeed, she received a marginal rating on her performance review during the year in which the promotions became available and a needs improvement rating the next. In light of her poor performance review and coupled with her disciplinary record, Moore cannot establish the second element of a prima facie case, and her claim must fail.

Even if Moore could establish a prima facie case of retaliation, her claim ultimately fails because she again has no evidence to suggest that Tribune's stated reasons for not promoting her were a pretext for retaliation. *See Millbrook*, 280 F.3d at 1175 (Pretext "means a lie, specifically a phony reason for some action."). As discussed above, Cervantes and Fetta undoubtedly were more qualified than Moore for the office services supervisor and stationary engineer positions respectively, and both Cervantes and Fetta received better performance ratings than Moore. There is nothing in the record to suggest any discriminatory or retaliatory intent in Tribune's decisions to promote Cervantes and Fetta rather than Moore.

### B. Moore Cannot Establish that Cervantes' Questioning of Her Was in Retaliation for Filing a Charge with IDHR

Moore simply has no evidence that Cervantes' questioning of her in response to a coworker's complaint is in any way retaliatory or harassing. Under either the direct or indirect method of proving retaliation, Moore must show that she suffered an adverse employment action. *See Cerutti v. BASF Corp.*, 349 F.3d 1055, 1061 (7th Cir. 2003); *Leibforth v. Belvidere Nat'l Bank*, 2002 WL 1760220, at *5 (N.D. Ill. July 30, 2002), *aff'd*, 337 F.3d 931 (7th Cir. 2003). Not everything that makes an employee unhappy is an actionable adverse action. *See Oest v. Illinois Dept of Corrections*, 240 F.3d 605, 612-613 (7th Cir. 2001).

Admittedly, Moore was not disciplined as a result of the questioning. Moreover, questioning an employee during the course of a workplace investigation, without more, surely does not amount to actionable harassment or an adverse employment action. *Id.* at 613 (concluding that "oral or written reprimands" are not adverse employment actions). Notwithstanding the fact that Moore did not suffer any adverse employment action, the remote timing of the questioning, which occurred five months after she filed her charge, destroys any causal nexus between the two. *See Sanauelson*, 976 F.2d at 1115.

Even if Moore could establish a prima facie case of retaliation, Moore cannot show that the questioning was a pretext for retaliation. Indeed, Moore admitted that Cervantes had an obligation to investigate her coworker's complaint.

Based on the entirety of the evidence, this court concludes that Moore has failed to state a claim of retaliation.

## CONCLUSION

For all of the foregoing reasons, defendant Tribune Company's motion for summary judgment [32] is granted. This is a final and appealable order, terminating the case.

It is so ordered.

											_____
											Wayne R. Andersen
											United States District Court

Dated: *August 31, 2006*